UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda Lee Brown, ) | C/A No.: 4:09-1464-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Bennettsville Housing Authority; ) | |
| City of Bennettsville; and ) | |
| Chief Magistrate, ) | |
| ) | |
| Defendant. ) | |

_____

This civil action has been filed by a plaintiff who is proceeding *pro se*. Plaintiff alleges that she has been denied a "housing choice voucher" (Section 8) because the waiting list is full and is closed due to "funding issues." Plaintiff alleges a voucher would allow her to find a safe place to live because there are gas leaks in the apartment where she presently resides. Her current apartment is maintained by the Housing Authority of Bennettsville (HAB). She claims she was told there were no gas leaks in her apartment but "later found that it was." She also alleges that the "Chief Magistrate" denied her the right to file a civil suit with "housing." According to one exhibit attached to her complaint, it appears plaintiff was approved for a transfer within the Conventional Public Housing Program as soon as a unit of her bedroom size becomes available. She was also told she could file a grievance, and/or contact the Board of Commissioners in writing if she disagreed with the denial of the Section 8 housing voucher. It is unclear from the pleadings if she filed a grievance or contacted the Board.

Plaintiff attaches several exhibits to her complaint. One shows that a maintenance worker lit the pilot light on her stove because it had gone out. Another exhibit shows that the gas line from "outside to [the] meter" was replaced. Still another exhibit reveals that she was given a new 30" gas range. Another exhibit shows that a "very small gas leak" was found. One exhibit shows that a gas leak was found inside a closet on a hot water pipe. On another occasion two small leaks were found. Plaintiff alleges the leaks are causing her to have health problems, including headaches, irregular breathing, dizzy spells, and numbness in her extremities.

Plaintiff contacted the Department of Health and Environmental Control (DHEC) about the gas leaks, however, DHEC did not find any leaks. Plaintiff filed a complaint with the Department of Consumer Affairs (DCA) who contacted HAB about the leaks. Based on HAB's reply to the DCA inquiry, the DCA suggested the plaintiff "contact the company directly, a Magistrate or a private attorney." Plaintiff also contacted Housing and Urban Development (HUD), who contacted HAB, and HUD replied to the plaintiff indicating the leak had been found and fixed. She also contacted the Public and Indian Housing Information and Resource Center, a division of HUD. They suggested the plaintiff contact the City of Bennettsville's Code Enforcement Department. Plaintiff contacted Senator Lindsey Graham's office twice. The first time she was told that her concern was not "federal in nature." The second time she contacted their office, someone in the office contacted HAB and was told the "unit [was] safe, sanitary and decent to live in and there [was] no evidence of a gas leak." Plaintiff also contacted the Attorney General's office who told her they could not assist her with her concerns.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

Plaintiff does not have a federal private cause of action to address her complaint. *See Perry v. Housing Authority of City of Charleston, et* al., 486 F. Supp.498 (D.S.C. 1980). In that matter the court held that tenants of a public housing project operated by defendants (the

Housing Authority of the City of Charleston, its director and "members" of the Housing Authority) did not have an explicit or an implicit right of action for injunctive or declaratory relief against indecent housing under the United States Housing Act of 1937 (42 U.S.C. § 1437) and, hence, were left to pursue their remedies as tenants, third-party beneficiaries, or as petitioners for administrative action, even though they were intended beneficiaries under the Act. The court also found that the thrust of penalties provided in the Act was to protect the government, and not the plaintiffs, and noted there were no other prohibitions or proscriptions mentioned. Although the structure of the 1937 Housing Act, and the legislative history consisting of the Senate and House reports, showed that the Commerce Clause (28 U.S.C. § 1337) was a substantial constitutional basis for the Act, there was no private right of action under Section 1437 to support Section 1337 jurisdiction, and none could be implied based on the test set forth in *Cort v. Ash*, 422 U.S. 66 (1975). Additionally, this type of claim did not implicate the 14th Amendment's due process clause because the applicable cases dealt with property rights and procedural due process, not substantive due process, such as a claim raised in the context of substandard housing.

Furthermore, plaintiff is not entitled to a Section 8 housing voucher. *See Phelps v. Housing Authority of Woodruff*, 742 F.2d 816 (4th Cir. 1984). In that matter, plaintiffs brought suit under Section 1983 challenging the legality of defendant's policies regarding admission of new tenants into public housing projects and their methods of processing applications for tenancy. The Fourth Circuit Court of Appeals found, *inter alia*, that preference provisions of the Housing Act do not give rise to rights enforceable under Section 1983, and that the preference requirements of the Housing Act do not rise to the level of a

constitutionally protected property interest. This was true even though several of the tenants lived in substandard housing at the time they submitted their applications, making them eligible for preferential treatment. Other applicants, not entitled to preference, were admitted before they were. Nonetheless, the Court of Appeals found that HUD, rather than private litigants, is the enforcer of the statutory directive of the Housing Act.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

            s/Thomas E. Rogers, III

           Thomas E. Rogers, III
           United States Magistrate Judge

July 1, 2009
Florence, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).